UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM D. and TAMMY SNEED | ) | |
| | ) | |
| Plaintiffs, | ) | Case No: 1:07-CV-292 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLMARK BLUE CROSS AND | ) | |
| BLUE SHIELD OF IOWA, | ) | Chief District Judge Curtis L. Collier |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM</u>**

Before the Court are the motions of defendant Wellmark Blue Cross and Blue Shield of Iowa ("Defendant") to dismiss, for summary judgment, or for transfer of venue (Court File No. 5). Plaintiffs William D. Sneed and Tammy Sneed (collectively "Plaintiffs") have replied (Court File No. 8). This matter is ripe now ripe for decision. For the following reasons, the Court will **GRANT** Defendant's motion to transfer venue to the Southern District of Iowa (Court File No. 5).

I.       **FACTS AND PROCEDURAL HISTORY**

Plaintiffs son had an operative procedure on November 16, 2006 (Court File No. 1, Ex. 1 "Complaint" ¶ II.1). Defendant initially paid benefits, but later sent a letter denying coverage (*Id*. at II.2-3). Plaintiffs allege the procedure was necessary and the denial of payment was in bad faith (*Id*. at II.4-5). Plaintiffs brought this action in Chancery Court in Bradley County, Tennessee, for declaratory judgment under Tenn. Code Ann. §§ 29-14-101 to 113. Among other

forms of requested relief, Plaintiffs requested a bad faith failure to pay penalty under Tenn. Code Ann. § 56-7-105.

Defendant then removed the action to this Court because it asserted the plan was covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and therefore all of Plaintiffs' claims are preempted by federal law.  Plaintiff William Sneed worked for Maytag Corporation and was a participant in its group health benefits plan (Court File No. 1, Ex. 1).

Defendants filed a motion based on failure to state a claim, failure to join an indispensable party, and in the alternative requested the Court to transfer the action to the United States District Court for the Southern District of Iowa (Court File No. 5).


## II.      DEFENDANT'S MOTION FOR CHANGE OF VENUE

The Benefits Certificate for Plaintiffs coverage that forms the basis of Plaintiffs' claims contains a forum selection clause designating Iowa as the proper forum (Court File No. 6 at 7). Plaintiffs argue the forum selection clause is not applicable in this case (Court File No. 8 at 4). Plaintiffs also argue the statutory rights granted under 29 U.S.C. § 1132(e) prevent the enforcement of this provision of the plan.  Finally, Plaintiffs argue because of severe hardship the clause designates a forum so seriously inconvenient that to require a plaintiff to bring suit there would be unjust and unwarranted under the precedent of the United States Court of Appeals for the Sixth Circuit.

Plaintiffs' argument the clause is inapplicable relies on the language of the clause itself. The clause states "[a]ny action brought because of a claim under this certificate will be litigated in the state or federal courts located in the state of Iowa and in no other."  (Court File No. 8, at

4).  Plaintiffs then argue they are not bringing an action because of a claim, rather they are bringing an action because a claim was denied.  This construction of the clause is as Defendant points out, unreasonable (Court File No. 10 at 3).  There is no other possible meaning for this clause than Defendant's interpretation.  Plaintiffs' citation of rights under the ERISA pamphlet is inapposite.  The forum selection clause does not restrict the right of a plaintiff to file a suit in federal court, rather it selects the venue.  There is no conflict between these documents.

Plaintiffs next argue the forum selection clause is unenforcable because federal law mandates the possible venues in this case.  Plaintiffs cite *Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F. Supp.2d 972, 974 (E.D. Tex. 2006) (holding venue provision in ERISA statute prevents enforcement of forum selection clause).  Defendant, in turn, cites *Klotz v. Xerox Corp.*, 519 F. Supp.2d 430 (S.D.N.Y. 2007) (holding venue provision in ERISA statute does not prevent enforcement of forum selection clause).  The *Nicolas* court reasoned the intent of ERISA was to foster the availability of the courts and permitting suit would accomplish that.

Courts have split on this issue, but the *Nicolas* case is the only case where a court held 29 U.S.C. § 1132 prevents the enforcement of forum selection clauses.  Every other court that considered this issue upheld the forum selection clause.  *Cent. States, Se. & Sw. Areas Pension Fund v. O'Brien & Nye Cartage Co.*, No. 06 C 4988, 2007 WL 625430, at *3 (N.D. Ill. Feb.22, 2007);  *Klotz*, 519 F. Supp.2d at 435-36 (finding the majority of district courts have enforced forum selection clauses)*; Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, No. 06-2312 RGKSHX, Slip op. at 2, 2006 WL 2536590 (C.D. Cal. 2006) (had Congress sought to prevent plaintiffs from waiving the statutory venue provision by private agreement, it could have done so by express provision); *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp.2d 1000, 1007 (D. Minn. 2006) (plaintiff has claimed rights under the plan and so must

take the good with the bad);  *Rogal v. Skilstaf, Inc.*, 446 F. Supp.2d 334, 338 (E.D.Pa. 2006) (enforcing a forum selection clause in an ERISA action).

The *Klotz* Court analogized a forum selection clause to a mandatory arbitration clause and noted that the Second Circuit has upheld mandatory arbitration clauses.  The Court finds this argument persuasive.  If a party can mandate the procedure by which a decision is reached there is no reason to believe the forum where that decision is made is of greater significance.  The Sixth Circuit has similarly upheld arbitration clauses in ERISA plans.  *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir 2005).  A forum selection clause merely requires the parties to submit their dispute to a different judge in a different courthouse who will use a substantially similar process to reach a decision.  An arbitration clause will prevent a litigant from submitting the dispute to a judge or formal court proceeding at all.  If arbitration clauses are enforceable the Court sees no reason to conclude forum selection clauses are not enforceable.

Of course finding a forum selection clause enforceable under ERISA does not end the Court's inquiry.  The clause must still satisfy the established requirements of the Sixth Circuit and federal law in order to be enforceable.  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  Unless the forum selection clause itself was "(1) . . . obtained by fraud, duress, the abuse of economic power or other unconscionable means, (2) the designated forum 'would be closed to the suit or would not handle it effectively or fairly,' or (3) the designated forum 'would be so seriously inconvenient forum that to require the plaintiff to bring suit there would be unjust.'"  *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999) (citing Restatement (Second) of Conflict of Laws § 80 (1988)).

-4-

There is no argument the courts of Iowa would be closed to the suit or would not handle it effectively or fairly and so the Court may disregard the second factor.

Rather, Plaintiffs rely on the first and the third prongs of the *Security Watch* case. Plaintiffs argue they have never seen the forum selection clause and the clause is one sentence out of a 46 page single spaced benefits certificate (Court File No. 8 at 5).   "Under these circumstances it is pure fiction to say that Sneed 'agreed' to the clause or otherwise waived his venue rights under 29 U.S.C. § 1132(e)."   (*Id*.).   The question of assent in contracts is generally an objective test.   *See* Restatement (Second) of Contracts § 19 (1981).   The general rule for adhesive contracts is they will be upheld, unless the "terms of the contract are beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable."   *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996).   The Supreme Court previously rejected a claim a forum selection clause should be set aside because it was an adhesive contract.   *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) (rejecting the Court of Appeals contrary view). Regardless of whether Plaintiffs had actual knowledge of the clause, the clause is not made unenforceable merely because Defendant presented it as a take or leave it proposition.

Both in *Bremen* and *Carnival Cruise Lines*, the Supreme Court rejected the view inconvenience of a party could invalidate a forum selection clause.   The Supreme Court did indicate serious inconvenience to one or both of the parties might carry greater weight if the forum was a remote alien forum.   *Id*. at 594.   Here the, forum is one of the venues specifically approved of in 29 U.S.C. § 1132.

Plaintiffs also argue forcing them to litigate this matter in Iowa would be unreasonable and the travel and associated expenses would pose tremendous burdens upon the family (Court File No. 8 at 6).   Defendant replies there is no need for travel in the case of an ERISA suit for

"this case will be decided on the existing Administrative Record only."  (Court File No. 10 at 3).

A district court does review the decision of an ERISA plan administrator de novo, but a court is

confined to the record that was before the plan administrator.  *Wilkins v. Baptist Healthcare Sys.,*

*Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986

(6th Cir. 1991).   At worst, Plaintiff's counsel will be forced to make one trip to Iowa for a

hearing.   This is not enough for Plaintiffs to satisfy their "heavy burden of proof" required to set

aside a forum selection clause for inconvenience.   *Carnival Cruise Lines, Inc.*, 499 U.S. at 595.

III.     **CONCLUSION**

        For the foregoing reasons, the Court will **GRANT** Defendant's motion to transfer venue

(Court File No. 5).   The Court will **ORDER** this matter transferred to the United States District

Court for the Southern District of Iowa.   Because the Eastern District of Tennessee is not the

appropriate venue for this action the Court does not address Defendant's other arguments.

        An Order shall enter.

**/s/**_____

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**